UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VILLAGE OF OLD MILL CREEK, *et al.*,

|  |  |
|---|---|
| Plaintiffs, | No. 17 CV 1163 |
| v. | Judge Manish S. Shah |
| ANTHONY M. STAR, | Magistrate Judge Susan E. Cox |
| Defendant. |  |

PLAINTIFFS' BRIEF REGARDING
*ALLCO FINANCE LIMITED v. KLEE*

Patrick N. Giordano
GIORDANO & ASSOCIATES, LTD
1710 Wesley Avenue
Evanston, Illinois 60201
Telephone: 847-905-0703
patrickgiordano@dereglaw.com
Direct: 847-905-0539

Paul G. Neilan
LAW OFFICES OF PAUL G. NEILAN, P.C.
1954 First Street #390
Highland Park, Illinois 60035
pgneilan@energy.law.pro
Telephone : 847-266-0464

Stuart Jay Chanen
VALOREM LAW GROUP LLC
218 N. Jefferson St.
Suite 300
Chicago, Illinois 60611
Telephone: 312-676-5460
Stuart.chanen@valoremlaw.com

*Attorneys for Plaintiffs*

Dated: July 10, 2017

Pursuant to the Court's June 30 Docket Entry (ECF 74), Plaintiffs Village of Old Mill Creek, Ferrite International Company, Got it Maid, Inc., Nafisca Zotos, Robert Dillon, Richard Owens, and Robin Hawkins ("Plaintiffs") address *Allco Finance Limited v. Klee*, No. 16-2946, __ F.3d __, 2017 WL 2782856 (2nd Cir. June 28, 2017) ("*Allco*").

First, Plaintiffs adopt and incorporate the July 10 Brief related to *Allco* of the Plaintiffs in *Electric Power Supply Association, et al. v. Anthony M. Star, et al., Case no. 17CV1164.*

Second, Plaintiffs ask the court to focus on the following telling distinction between the Renewable Energy Certificates ("RECs") upheld by the Second Circuit in *Allco* and the Zero Emission Credits ("ZECs") at issue in the instant case. In finding that Connecticut's Renewable Portfolio Standard ("RPS") geographic distinctions governing purchases of RECs did not violate the Commerce Clause, the court in *Allco* emphasized that Connecticut's RPS program "makes geographic distinctions between RECs only insofar as it piggybacks on top of regions drawn by ISO-NE and NEPOOL-GIS[1], both of which are supervised by FERC – not the state of Connecticut." *Allco* at 51. In other words, the utilities could satisfy their RPS renewable energy purchase requirements by buying RECs from renewable generators located *anywhere* in the ISO-NE and NEPOOL-GIS regional transmission organization *supervised by FERC*. In stark contrast, the ZECs in the instant case will be purchased by the utilities only from Exelon Generation's Quad Cities and Clinton nuclear plants located in Illinois. Illinois' ZEC legislation at issue in this case is economic protectionist legislation which violates the dormant Commerce Clause of the U.S. Constitution, while the RECs upheld by the Second Circuit merely follow the regionalization of the national electricity market *which FERC itself* has instituted.

---

[1] ISO-NE covers Connecticut, Massachusetts, Vermont, Rhode Island, and most of Maine. NEPOOL-GIS includes ISO- New York, the North Maine Independent System Administration, Inc., and Quebec and New Brunswick in Canada. *Allco at 19.*

As the Second Circuit stated in *Allco*, "neither FERC nor Congress has given any indication that this [regionalization] structure is unduly harmful to interstate commerce." *Allco* at 52. But Illinois has ignored the FERC-authorized regionalization structure and decided that one nuclear plant (Quad Cities) within the PJM regional transmission organization ("RTO") and one nuclear plant (Clinton) within the MISO RTO should be treated differently than all other nuclear (and non-nuclear) plants within these FERC- supervised organizations. As the Office of the Governor stated when Governor Bruce Rauner signed P.A. 99-0906, "[the] legislation ensures that the Clinton and Quad Cities power facilities remain open for another ten years …. " ECF 30-3 at 2. And, as Exelon Generation itself succinctly stated in its Complaint in *PPL Energy Plus, LLC v. Hana*, 977 F. Supp. 2d 1372 (2013), "state laws favoring in-state economic interests over out-of-state economic interests are nearly *per se* invalid."

In light of the fundamental and overriding distinctions between *Allco* and the present case, the Second Circuit's *Allco* decision does not provide support for Defendant/Intervenor's motions to dismiss on any of the grounds asserted by them and, in short, is irrelevant to the Court's ruling on these motions. Plaintiffs again request that the motions to dismiss be denied.


Dated: July 10, 2017                    Respectfully submitted,

                                        By:  /s/ Patrick N. Giordano
                                             Patrick N. Giordano


                                        Patrick N. Giordano
                                        GIORDANO & ASSOCIATES, LTD
                                        1710 Wesley Avenue
                                        Evanston, Illinois 60201
                                        Telephone: 847-905-0703
                                        patrickgiordano@dereglaw.com
                                        Direct: 847-905-0703

2

Paul G. Neilan
LAW OFFICES OF PAUL G. NEILAN, P.C.
1954 First Street #390
Highland Park, Illinois 60035
pgneilan@energy.law.pro
Telephone : 847-266-0464

Stuart Jay Chanen
VALOREM LAW GROUP LLC
218 N. Jefferson St.
Suite 300
Chicago, Illinois 60611
Telephone: 312-676-5460
Stuart.chanen@valoremlaw.com

## CERTIFICATE OF SERVICE

I certify that on July 10, 2017, I electronically filed the foregoing with the Clerk of the Court of the United States District Court of the Northern District of Illinois, Eastern Division, using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users.

By: /s/ Paul G. Neilan
Paul G. Neilan