**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VILLAGE OF OLD MILL CREEK, FERRITE INTERNATIONAL COMPANY, GOT IT MAID, INC., NAFISCA ZOTOS, ROBERT DILLON, RICHARD OWENS, And ROBIN HAWKINS, both individually and d/b/a ROBIN'S NEST, | ) ) ) ) ) ) ) | |
| | ) | Case No. 1:17-cv-01163 |
| Plaintiffs, | ) ) | |
| | ) | District Judge Manish S. Shah |
| v. | ) ) | |
| ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| ELECTRIC POWER SUPPLY ASSOCIATION, DYNEGY INC., EASTERN GENERATION LLC, NRG ENERGY, INC., and CALPINE CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 1:17-cv-01164 |
| v. | ) ) | |
| | ) | District Judge Manish S. Shah |
| ANTHONY M. STAR, in his official capacity as Director of the Illinois Power Agency, and BRIEN J. SHEAHAN, JOHN R. ROSALES, SADZI MARTHA OLIVA, MIGUEL DEL VALLE, and SHERINA MAYE EDWARDS, in their official capacities as Commissioners of the Illinois Commerce Commission, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**SUPPLEMENTAL MEMORANDUM OF INTERVENOR
EXELON GENERATION COMPANY, LLC**

In *Allco Finance Ltd. v. Klee*, the Second Circuit rejected a preemption challenge to a Connecticut program selecting renewable generators from whom the states' utilities would buy electricity at wholesale. It also rejected a separate Commerce Clause challenge to the state's renewable energy credit ("REC") program. *Allco*'s reasoning reinforces the grounds for dismissal.

## I.      *Allco* Confirms That Plaintiffs Fail To State A Field Preemption Claim.

*Allco* rejects a field preemption claim, and this case is even easier. The program there concerned contracts *for wholesale electricity sales—*the subject of the federal field. Slip 3, 9 (program involved "new bilateral wholesale energy contracts between [utilities] and generators"). Yet still it was not preempted because states act "within the scope of [their] power" when they direct utilities to buy electricity from renewable generators and "specify[] the sizes and types [of generators] … that may" participate. *Id.* at 38. This case concerns *environmental* attributes that, as *Allco* confirms, fall wholly within state jurisdiction.[1] *Id.* at 18; Mem. 8-13; Reply 7-8, 12-15.[2]

*Allco* also rejects Plaintiffs' specific arguments. First, it holds state action is not preempted merely because it is intended to affect generators' decisions whether to operate. Opp. 1, 12; Mem. 17-20; Reply 8-12. The *Allco* program aimed to "encourage" new renewable generators by providing for 20-year "purchase agreements" at above-market rates. Slip 9-10. Affecting decisions about whether to operate was the *point*. Moreover, it was clear that the program would "increase the supply of electricity" and "place downward pressure on" prices. *Id.* at 38-39. But

---

[1] The *Allco* plaintiff argued that the Connecticut program was preempted because it "compelled" utilities to enter wholesale contracts with generators on state-imposed terms. The Second Circuit found the program did not, in fact, compel wholesale transactions, and reserved whether such compelled transactions would be preempted. Slip 28-39, 36 & n.15. The "compulsion" issue arose only because the *Allco* program featured state involvement in the sale of wholesale electricity. Environmental credits (like ZECs), by contrast, are within state jurisdiction. *Id.* at 18. Compelling their purchase thus raises no preemption issue.

[2] "Mem." is Exelon's Mem. in Support of Motion to Dismiss, 17-cv-1163 ECF No. 37-1, 17-cv-1164 ECF No. 53-1. "Opp." is the EPSA Plaintiffs' Mem. in Opposition, 17-cv-1164 ECF No. 83. "Reply" is Exelon's Reply Mem. in Support of Motion to Dismiss, 17-cv-1163 ECF No. 61, 17-cv-1164 ECF No. 92.

*Allco* reaffirmed that this "effect … does not" yield preemption. *Id.*

Second, *Allco* rejects an expansive reading of *Hughes v. Talen Energy Mkt., LLC*, 136 S. Ct. 1288 (2016). *See* Reply 7-8. *Allco* holds that *Hughes* established a "bright line," invalidating only programs "'[]tethered to … wholesale market participation' or that 'condition[] payment'" on successful sales of electricity ("clearing") in auctions. Slip 39. Repeatedly, *Allco* characterized *Hughes* as turning on whether the state conditioned payment in this manner, *see id.* at 32-33, 36, and emphasized *Hughes*' statements that programs lacking those features are not preempted. *Id.* at 33-34. Because Connecticut had not "violate[d] th[is] bright line," the challenge failed. *Id.* at 39. The same is true here. Mem. 10-13; Reply 15. *Allco* rejects Plaintiffs' arguments for expanding *Hughes*. They claim the ZEC Program is "tethered" because a price adjustment "refer[s] to wholesale prices." Opp. 14. But in *Allco*, the plaintiff likewise argued that the program was invalidly "tied" because of an "adjustment" "to account for the difference in the FERC market price and the guaranteed price." Reply at 14*, Allco*, No. 16-2946 (2d Cir. Nov. 29, 2016), Doc. 140. This did not matter to the Second Circuit. Plaintiffs here also aver that ZEC generators will have no practical "alternative to selling" in auctions. Opp. 13. But *Allco* confirms that the only question is whether *the state* imposed a forbidden requirement: *Hughes*' "bright line" asked only whether "the RFPs"—the state—required auction clearance. Slip 39; *id.* at 36 ("state" conditioned payment). Because it did not, there was no preemption.

## II.    *Allco* **Confirms That Plaintiffs Fail To State A Conflict Preemption Claim.**

Plaintiffs claim the ZEC Program is preempted because it conflicts with a purported policy that wholesale rates "must be established by the auction" free from influence of any state policy that "keeps … generating units in the wholesale markets." Opp. 24, 28. *Allco* confirms no such policy exists; instead, FERC has embraced states' authority to promote clean generation despite

2

the effects. Mem. 21-24; Reply 12. *Allco* also rejected conflict preemption because FERC had the ability to address any issues it perceived. Slip 34 (noting that any "bilateral contract [will] be subjected to review by FERC for justness and reasonableness."). To the extent ZEC generators choose to sell electricity at wholesale, it will be pursuant to FERC approved tariffs, and FERC has full ability to ensure that the prices will be just and reasonable. Mem. 24-25; Reply 21-22.[3]

### III. *Allco* Confirms That Plaintiffs Fail To State A Dormant Commerce Clause Claim.

*Allco* supports dismissal of the discrimination claim. In *Allco*, a credit had to be produced in the "regional grid" or an "adjacent control area[]" to qualify. Slip 19-20, 48. *Allco* held this was not discriminatory, even if it had the "*effect* of favoring in-state economic interests." Opp. 37. The state had a "legitimate interest" in providing its consumers a "more diversified and renewable energy supply" that was "accessible to them" and "in the region" and so "thereby protect[ed] its citizens' health[ and ] safety." *Id.* at 48, 51. The ZEC Program's limits serve the same interests. A facility "interconnected with" PJM or MISO can qualify, 20 ILCS 3855/1-10, and facilities will be selected if they minimize carbon emissions "from electricity consumed in Illinois," and pollutants "that adversely affect [Illinois] citizens." *Id.* § 1-75(d-5)(1)(C-5)(i)-(ii). *Allco* also confirms that *Pike* claims like Plaintiffs' are suitable for resolution on motion to dismiss. It held that "the same reasons" established that the REC program was valid under *Pike*. Slip 53. Because it was a "legitimate state pursuit … relat[ed to] the health, life, and safety of [its] citizens," the *Pike* claim failed, with no factual development needed. *Id.* The same is true here. Mem. 39.

---

[3] FERC is actively considering a range of options to address the interplay between state policies and wholesale markets, including REC/ZEC programs like the Connecticut and Illinois programs. Reply 3. None of those options requires preemption to protect FERC's markets. Notice Inviting Post-Tech. Conf. Comments at 1, *State Policies and Wholesale Markets*, Docket No. AD17-11-000 (FERC May 23, 2017), https://elibrary.ferc.gov/idmws/common/OpenNat.asp?fileID=14595026. The Court should reject Plaintiffs' attempt to obtain a preemption holding that would short-circuit FERC's process and limit its discretion.

July 10, 2017                                          Respectfully submitted,

                                                       /s/ Matthew E. Price
                                                       Matthew E. Price*
Gabriel A. Fuentes                                     David W. DeBruin*
JENNER & BLOCK LLP                                     Zachary C. Schauf*
353 N. Clark St.                                       William K. Dreher*
Chicago, IL 60654                                      JENNER & BLOCK LLP
(312) 222-9350                                         1099 New York Ave. NW, Suite 900
gfuentes@jenner.com                                    Washington, DC 20001
                                                       (202) 639-6873
*Admitted *pro hac vice*                               mprice@jenner.com

*Counsel for Intervenor Exelon Generation Company, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via the CM/ECF system.

Dated: July 10, 2017                          By:  /s/ Matthew E. Price

4